IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
NORTHERN DIVISION AT KNOXVILLE

HARPER ELEANOR YARCKIN, a minor, )
by and through BRANDON S. YARCKIN and )
KARA L. YARCKIN, her parents and )
next friends; BRANDON S. YARCKIN, )
individually; and KARA L. YARCKIN, )
individually, )
 )
 )
    Plaintiffs, )
 )
v. )    CASE NO.: _____
 )    JURY DEMAND
 )
BLACKBERRY FARM, LLC, )
 )
    Defendant. )

## COMPLAINT

1. Plaintiff Harper Eleanor Yarckin is a minor who was born in August 2015. She is a citizen and resident of Miami, Florida. Harper Eleanor Yarckin is the minor child of Brandon S. Yarckin and Kara L. Yarckin.

2. For purposes of federal diversity jurisdiction, Plaintiff Harper Eleanor Yarckin is a citizen of the State of Florida.

3. Plaintiff Brandon S. Yarckin is a citizen and resident of Miami, Florida.

4. For purposes of federal diversity jurisdiction, Plaintiff Brandon S. Yarckin is a citizen of the State of Florida.

1

5. Plaintiff Kara L. Yarckin is a citizen and resident of Miami, Florida. Plaintiff Kara L. Yarckin is, and was at all times relevant to this action, the wife of Plaintiff Brandon S. Yarckin.

6. For purposes of federal diversity jurisdiction, Plaintiff Kara L. Yarckin is a citizen of the State of Florida.

7. The Defendant Blackberry Farm, LLC is a limited liability company organized under the laws of the State of Tennessee with its principal address at 1471 W Millers Cove Rd, Walland, TN 37886-2649. Its registered agent for service of process is David Wilson Long, Suite S700, 1111 N. Northshore Drive, Knoxville, TN 37919-4097.

8. For purposes of federal diversity jurisdiction, Defendant Blackberry Farm, LLC is a citizen of the State of Tennessee.

9. Defendant Blackberry Farm, LLC owns and operates Blackberry Farm, a luxury hotel and resort located at 1471 West Millers Cove Road, Walland, Tennessee, 37886.

10. The Plaintiffs' causes of action arise from personal injuries sustained by the Plaintiffs Brandon S. Yarckin and Harper Eleanor Yarckin in an incident that occurred on June 20, 2021, at the Blackberry Farm resort at 1471 West Millers Cove Road, Walland, Tennessee in Blount County.

11. Plaintiff Kara L. Yarckin, as the wife of Brandon S. Yarckin and the mother of Harper Eleanor Yarckin, has a close and intimate personal relationship with Brandon S. Yarckin and Harper Eleanor Yarckin.

12. This Court has personal jurisdiction over the Defendant because it was, and is, doing business in the State of Tennessee.

13. Subject matter jurisdiction is proper in this court pursuant to 28 U.S.C. § 1332(a) because the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and

because the parties are citizens of different states. Plaintiffs are citizens of the State of Florida and the Defendant is a citizen of the State of Tennessee.

14. Venue is proper in this court pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events or omissions giving rise to this claim occurred within this judicial district, specifically in Blount County, Tennessee.

15. There is complete diversity of citizenship between the parties. The amount in controversy, exclusive of interests and costs, exceeds SEVENTY-FIVE THOUSAND DOLLARS AND NO/100 CENTS ($75,000.00), as the medical expenses and other damages to date exceed this amount. Plaintiff Brandon S. Yarckin is still undergoing medical treatment at this time, and all Plaintiffs are still undergoing counseling for their emotional distress and the full amount of the Plaintiffs' damages cannot yet be determined.

**FACTUAL BACKGROUND**

16. On June 20, 2021, Plaintiffs Brandon S. Yarckin and Kara L. Yarckin were guests at Blackberry Farm resort. Brandon S. and Kara L. Yarckin and their children had been staying at Blackberry Farm for a number of days and they were in the process of checking out and preparing to leave the resort.

17. Brandon S. Yarckin, accompanied by his daughter Harper Eleanor Yarckin, went to the checkout area to check out of the resort. Brandon S. Yarckin requested that Defendant have someone drive his family to their vehicle, which was some distance away.

18. Upon information and belief, the Defendant owned and maintained the 6-passenger golf cart in question for use by guests of the resort and for use by Blackberry Farm employees in transporting guests on the premises of Blackberry Farm resort.

3

19. At approximately 3:20 p.m. on June 20, 2021, an employee of the Defendant, acting within the course and scope of her employment, got into the driver's seat of the golf cart. Brandon S. Yarckin got into the middle seat of the parked golf cart and Harper Eleanor Yarckin sat on the back seat. The employee intended to back up and drive Brandon S. Yarckin and Harper Eleanor Yarckin to the lot where the Plaintiffs' vehicle was parked. Below is an image taken from security camera video footage showing the golf cart in question. The image below is a true and accurate image of the golf cart, the driver, Brandon S. Yarckin and his daughter Harper Eleanor Yarckin just before the golf cart was driven forward and off the wall.



20. Instead of backing up, the employee of the Defendant negligently drove the golf cart forward over a rock and off a wall. The golf cart with passengers plummeted down many feet down below.

4

21. The photograph below is a true and accurate image of the wall the golf cart was driven over, taken from the area near where the golf cart landed.



22. The photograph below is a true and accurate image of the location where the golf cart was parked, showing the rock and the top of the wall that the golf cart was driven over.



5

23. The photograph below is a true and accurate image of the wrecked golf cart on the ground after it had negligently been driven over the wall by an employee of the Defendant.



24. There was no railing or barrier at the top of the wall to keep a golf cart from going over the wall, or to keep guests of the resort from stepping off the wall.

25. Moments after the crash, Plaintiff Kara L. Yarckin walked to the checkout area and she heard employees of the Defendant exclaim that a crash had happened and there were injuries. Kara L. Yarckin raced down to the spot where the golf cart had fallen, and as she approached, she realized it was her husband and daughter who had been involved. Kara L. Yarckin came upon the scene of the crash to find that her daughter was distraught, after being pulled out from underneath the golf cart wreckage. She also saw that her husband was severely injured and lying on the ground waiting for emergency medical services to arrive.

26. Plaintiff Kara L. Yarckin observed the injuries to her husband and daughter at the scene of the crash before the scene had been materially altered.

27. Observation of the scene and the injuries to her husband and daughter caused Plaintiff Kara L. Yarckin to suffer severe emotional injury.

28. As a result of the negligence of Defendant and its employee, Plaintiff Brandon S. Yarckin suffered serious, painful, and permanent injuries including, but not limited to: a cervical fracture, multiple rib fractures, a collapsed lung, a fractured collar bone, separation of the joint

6

between the collar bone and the shoulder blade, a rotator cuff injury, a partial tear of the anterior cruciate ligament in his right knee, and emotional distress, when the golf cart in which he was a passenger was driven forward over the wall and crashed.

29. As a result of the negligence of Defendant and its employee, Plaintiff Harper Eleanor Yarckin suffered serious, painful physical and permanent emotional injuries, when the golf cart in which she was a passenger was driven forward over the wall and crashed.

30. As a result of the negligence of Defendant and its employee, Plaintiff Kara L. Yarckin has suffered severe emotional distress, as well as a loss of spousal consortium.

## FIRST CAUSE OF ACTION

31. The Plaintiffs incorporate Paragraphs 1 through 30 by reference as if fully set forth, restated, and realleged herein.

32. The employee of the Defendant who drove the golf cart in which Plaintiffs Brandon S. Yarckin and Harper Eleanor Yarckin were passengers was negligent in failing to put the golf cart in reverse before setting it in motion, and in driving over the boulder and wall.

33. At all times, the employee of the Defendant who drove the golf cart was acting within the course and scope of her employment with the Defendant.

34. Plaintiff Brandon S. Yarckin was injured as a direct, proximate, and legal result of the negligence of the Defendant's employee. Plaintiff Brandon S. Yarckin sustained severe and painful injuries including, but not limited to: a cervical fracture, multiple rib fractures, a collapsed lung, a fractured collar bone, separation of the joint between the collar bone and the shoulder blade, a rotator cuff injury, and a partial tear of the anterior cruciate ligament in his right knee.

35. Brandon S. Yarckin's injuries and damages have caused him to suffer great physical pain and mental anguish. As a result of his injuries, he has been forced to seek medical attention and treatment and has incurred large bills for doctors' care and other medical attention and treatment. He will continue to require medical treatment and incur medical expenses in the future. He has also suffered a loss of income and loss of future earning capacity.

36. As a result of the injuries sustained by Plaintiff Brandon S. Yarckin, Plaintiff Kara L. Yarckin has suffered a loss of consortium.

37. Plaintiff Harper Eleanor Yarckin was injured as a direct, proximate, and legal result of the negligence of the Defendant's employee.

38. Plaintiff Harper Eleanor Yarckin suffered serious, painful physical and permanent emotional injuries, when the golf cart in which she was a passenger was driven forward over the wall and crashed.

39. As a result of the injuries sustained by Harper Eleanor Yarckin, Plaintiffs Brandon and Kara L. Yarckin have incurred medical expenses and will continue to do so while she is a minor.

40. Plaintiff Kara L. Yarckin suffered severe emotional distress as a direct, proximate, and legal result of the negligence of the Defendant's employee.

41. Plaintiff Kara L. Yarckin has incurred expenses for counseling due to her severe emotional distress and will continue to do so in the future.

42. All of the Plaintiffs' injuries and damages described above were directly, proximately, and legally caused by the negligent conduct of an employee of the Defendant who was acting within the course and scope of her employment on the occasion in question, and that negligence consisted of the following acts and omissions:

A. Failing to put the golf cart in reverse before setting it into motion;

B. Failing to operate the golf cart in a safe and reasonable manner;

C. Failing to exercise that degree of care which an ordinary, prudent, and careful driver/operator would have used under the same or similar circumstances; and

D. Operating the golf cart in a manner that was otherwise careless and negligent.

43. At all times herein alleged, the employee who drove the golf cart was acting within the course and scope of her employment and/or agency with the Defendant.

44. The Defendant is vicariously liable for the negligence of its employee in causing the crash.

## SECOND CAUSE OF ACTION

45. The Plaintiffs incorporate Paragraphs 1 through 44 by reference as if fully set forth, restated, and realleged herein.

46. The Defendant kept golf carts for multiple uses on its premises, including transporting guests. Upon information and belief, the Defendant Blackberry Farm, LLC was negligent in failing to properly train its employees to safely operate the golf carts.

47. Upon information and belief, the Defendant was negligent in the maintenance of its facility in that there was no railing or barrier at the top of the wall, which was at the edge of a paved path on which guests could walk and golf carts could be driven and parked.

48. The Plaintiffs were injured as a direct, proximate, and legal result of the negligence of the Defendant in failing to properly train its employees and in failing to erect and maintain a railing or other barrier at the top of the wall.

49. As a direct, proximate, and legal result of the negligence of the Defendant, Plaintiff Brandon S. Yarckin sustained severe and painful injuries including, but not limited to: a cervical

9

fracture, multiple rib fractures, a collapsed lung, a fractured collar bone, separation of the joint between the collar bone and the shoulder blade, a rotator cuff injury, and a partial tear of the anterior cruciate ligament in his right knee.

50. Plaintiff Brandon S. Yarckin's injuries and damages have caused him to suffer great physical pain and mental anguish to the present time; and as a result of his injuries, the Plaintiff has been forced to seek medical attention and treatment and the Plaintiff has become obligated for the payment of large sums of money for doctor bills and other medical attention and treatment. He will continue to require medical treatment and incur medical expenses in the future. He has also suffered a loss of income and loss of future earning capacity.

51. As a result of the injuries sustained by Plaintiff Brandon S. Yarckin, Plaintiff Kara L. Yarckin has suffered a loss of consortium.

52. Plaintiff Harper Eleanor Yarckin was injured as a direct and proximate result of the negligence of the Defendant.

53. Plaintiff Harper Eleanor Yarckin suffered serious, painful and permanent physical and emotional injuries, when the golf cart in which she was a passenger was driven over the wall.

54. As a result of the injuries sustained by Harper Eleanor Yarckin, Plaintiffs Brandon and Kara L. Yarckin have incurred medical expenses and will continue to do so while she is a minor.

55. Plaintiff Kara L. Yarckin suffered severe emotional distress as a direct and proximate result of the negligence of the Defendant.

56. Plaintiff Kara L. Yarckin has incurred expenses for counseling due to her severe emotional distress and will continue to do so in the future.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiffs demand judgment against the Defendant as follows:

57. WHEREFORE, the Plaintiffs respectfully demand of the Defendant a reasonable sum of money compensation.

58. At the present time, Plaintiffs demand of the Defendant compensatory damages in excess of the jurisdictional limits of $75,000, with the amount to be determined at a later date as Plaintiff Brandon S. Yarckin is still undergoing treatment for his injuries and all Plaintiffs are still receiving counseling.

59. Plaintiffs reserve the right to increase or decrease their demand prior to trial in order to reflect the harms and losses incurred as a result of the negligence of the Defendant and its employee.

60. Plaintiffs respectfully reserve the right to amend the Complaint to conform to the evidence as it develops.

Respectfully submitted,

**KINNARD, CLAYTON & BEVERIDGE**

By: _____
Randall L. Kinnard, BPR # 4714
rkinnard@kcbattys.com
Mary Ellen Morris, BPR #013356
mmorris@kcbattys.com
127 Woodmont Boulevard
Nashville, Tennessee 37205
(615) 297-1007
(615) 297-1505 – FAX

*Attorneys for Plaintiffs*

11